UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARIEF OSMAN SHENDI, | No. 2:12-cv-02031 TLN AC |
| Petitioner, | |
| v. | ORDER |
| MATTHEW CATE, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 3, 2014, the undersigned filed findings and recommendations which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. ECF No. 19. On January 30, 2014, the court received petitioner's objections to the findings and recommendations. ECF No. 20.

Petitioner avers in his objections that he was served on January 9, 2014, and requests permission to file objections within twenty days from that date. The court notes that the findings and recommendations were served on petitioner by mail on January 3, 2014, thus making objections due no later than January 24, 2014. ECF No. 19. Nevertheless, the court will grant petitioner's request to file objections past this deadline. However, after reviewing petitioner's objections to the findings and recommendations, the court will strike the document for failure to comply with Local Rules. Petitioner will be provided with an additional fourteen days to re-file

and serve objections to the findings and recommendations in accordance with this order.

First, petitioner failed to attach a proof of service to the objections to the findings and recommendations. Local Rule 135(c) provides as follows:

> **(c) Proof of Service for Paper Documents.** When service of any pleading, notice, motion, or other document required to be served is made, proof of such service shall be endorsed upon or affixed to the original of the document when it is lodged or filed. Except for ex parte matters, a paper document shall not be submitted for filing unless it is accompanied by a proof of service. Proof of service shall be under penalty of perjury and shall include the date, manner and place of service.

See also Fed. R. Civ. P. 5(d).

Second, petitioner failed to sign the objections to the findings and recommendations. Rule 11(a) of the Federal Rules of Civil Procedure provides that every pleading, written motion, or other paper must be signed by the attorney of record or by the party if that party is unrepresented. Rule 11(a) requires the court to strike unsigned documents. In addition, Local Rule 131(b) provides as follows:

> **(b) Signatures Generally.** All pleadings and non-evidentiary documents shall be signed by the individual attorney for the party presenting them, or by the party involved if that party is appearing in propria persona. Affidavits and certifications shall be signed by the person executing the document. The name of the person signing the document shall be typed or printed underneath the signature. See Fed. R. Civ. P. 11. . . .

Because petitioner did not include a proof of service or sign the objections to the findings and recommendations, the court will strike this document. However, the court will provide petitioner an additional fourteen days to re-file and serve objections to the findings and recommendations in compliance with Rules 5(d) and 11(a) of the Federal Rules of Civil Procedure, and Local Rules 131(b) and 135(c). Any response to the objections shall be filed and served within fourteen days after service of the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's January 30, 2014 objections to the findings and recommendations (ECF No. 20) are stricken;

2. Petitioner shall have fourteen days from the date of this order to re-file and serve

objections to the findings and recommendations;

    3. Any response to the objections shall be filed and served within fourteen days after service of the objections; and

    4. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE